# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

| | |
|---|---|
| CORI A. WILSON,<br>　　　　　　Appellant, | DOCKET NUMBER<br>DA-0752-14-0640-I-1 |
| 　　　　v. | |
| DEPARTMENT OF JUSTICE,<br>　　　　　　Agency. | DATE: July 26, 2016 |

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

<u>James R. Hefflin</u>, Newport Beach, California, for the appellant.

<u>Steven R. Simon</u>, Esquire, Phoenix, Arizona, for the agency.

**BEFORE**

Susan Tsui Grundmann, Chairman
Mark A. Robbins, Member

**FINAL ORDER**

¶1　　The appellant has filed a petition for review of the initial decision, which dismissed her appeal of an alleged constructive demotion on the basis of adjudicatory efficiency. Generally, we grant petitions such as this one only when: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. *See* title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review. Except as expressly MODIFIED by this Final Order, we AFFIRM the initial decision. Specifically, we modify the basis for the disposition of the appeal to DISMISSED for lack of jurisdiction and add additional analysis appropriate to that disposition.

¶2        The appellant filed an appeal challenging an alleged constructive demotion that occurred in 2000. The appellant previously had filed a Board appeal in 2002 in which she challenged the same alleged adverse action. While that appeal was pending, the parties reached a settlement agreement in which the appellant waived her right to appeal the alleged constructive demotion. *Wilson v. Department of Justice*, MSPB Docket No. DA-0752-02-0584-I-1, Initial Appeal File (0584 IAF), Tab 16. The administrative judge dismissed the appeal pursuant to the settlement agreement. 0584 IAF, Tab 17, Initial Decision.

¶3        Because it appeared that the appellant was attempting to appeal an action that had been settled in the earlier appeal, the administrative judge twice ordered the appellant to show cause why her appeal should not be dismissed. *Wilson v. Department of Justice*, MSPB Docket No. DA-0752-14-0640-I-1, Initial Appeal File (0640 IAF), Tab 2 at 2-3, Tab 19. The appellant did not submit a pleading responsive to the administrative judge's orders. Instead, the appellant, through counsel, filed multiple "objections" to the orders. 0640 IAF, Tabs 5, 20, 23, 25. The appellant asserted that she was not aware of any prior appeal or settlement

agreement that would preclude this appeal: "These same facts and issues were litigated by the agency in two separate forums before during and after a purported settlement agreement which the appellant is still not clear that the board is making reference too." 0640 IAF, Tab 23 at 1 (grammar and punctuation as in original). The appellant was put on notice of precisely which prior appeal and settlement agreement was at issue, 0640 IAF, Tab 19 at 2-3, Tab 21 at 4, and she was served with copies of both the prior appeal and the settlement agreement, 0640 IAF, Tab 11 at 11-13, 30-31. Thus, the appellant had sufficient information to explain why the issues in the earlier appeal were not identical and the waiver of appeal rights in the settlement agreement did not preclude this appeal, but she continued to demand that the administrative judge identify the prior appeal and settlement agreement that formed the basis for the potential dismissal of this appeal. 0640 IAF, Tabs 5, 20, 23, 25.

¶4     Based on the written record, the administrative judge found that the alleged constructive demotion in this appeal was identical to the alleged reduction in grade and pay in the prior appeal, and that the matter was resolved by a settlement agreement reached in the prior appeal. 0640 IAF, Tab 26, Initial Decision (ID) at 3. She therefore dismissed the appeal on the basis of adjudicatory efficiency. *Id.*

¶5     The appellant has filed a petition for review in which she asserts that the appeal was wrongly decided, but does not identify any errors of fact or law that might warrant reversal of the initial decision. Petition for Review (PFR) File, Tab 1. The agency responded in opposition to the petition for review, PFR File, Tab 3, and the appellant replied to the agency's response, PFR File, Tab 4.

¶6     In her reply to the agency's response, the appellant states that the constructive demotion was not resolved by the earlier settlement agreement, but she does not address the portion of the agreement providing for dismissal of "the above captioned case," or her initial appeal form in which she appealed her "constructive reduction in pay and grade," which, read together, lead to the

opposite conclusion. 0640 IAF, Tab 11 at 12, 30; PFR File, Tab 4 at 1. We find that the administrative judge correctly determined that the settlement agreement *did* resolve the appellant's constructive demotion claim. 0584 IAF, Tab 15. Therefore, the administrative judge correctly found that the settlement agreement encompassed the matter raised in this appeal. *See Lee v. U.S. Postal Service*, 111 M.S.P.R. 551, ¶ 7 (2009), *aff'd*, 367 F. App'x 137 (Fed. Cir. 2010).

¶7 We must now determine whether the waiver of appeal rights contained in the agreement is enforceable. *Id.*, ¶ 8. Although the administrative judge did not provide the appellant with notice of her burdens and elements of proof concerning the enforceability of the waiver clause, her error was not prejudicial because the appellant addressed this issue, albeit in a cursory way, in one of her pleadings below. 0640 IAF, Tab 25 at 1; *see Panter v. Department of the Air Force*, 22 M.S.P.R. 281, 282 (1984) (finding that an adjudicatory error that is not prejudicial to a party's substantive rights provides no basis for reversal of an initial decision).

¶8 The waiver clause at issue is a general waiver of all rights as to any and all issues the appellant may have had arising out of the facts and issues of her appeal. 0640 IAF, Tab 11 at 30. The Board has found that similarly broad language constitutes an enforceable waiver of Board appeal rights. *Lee*, 111 M.S.P.R. 551, ¶ 7. The appellant's bare allegation of fraud does not persuade us that we should disregard the plain language of the agreement.

¶9 The appellant also reiterates her arguments below that the agency has "wrought fraud" upon the Board and that the agency should be sanctioned and the agency's representative disqualified. PFR File, Tab 4 at 2-4. We have reviewed the appellant's assertions and find them unpersuasive.

¶10 Finally, the agency argues in its response to the appellant's petition for review that this appeal is frivolous and the Board should assess damages against the appellant and her counsel in the same manner as the U.S. Court of Appeals for

the Federal Circuit did in *Asberry v. U.S. Postal Service*, 692 F.2d 1378, 1380-81 (Fed. Cir. 1982).  PFR File, Tab 3 at 4.  We decline to do so.

## NOTICE TO THE APPELLANT REGARDING YOUR FURTHER REVIEW RIGHTS[2]

You have the right to request review of this final decision by the U.S. Court of Appeals for the Federal Circuit.  You must submit your request to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, DC 20439

The court must receive your request for review no later than 60 calendar days after the date of this order.  *See* 5 U.S.C. § 7703(b)(1)(A) (as rev. eff. Dec. 27, 2012).  If you choose to file, be very careful to file on time.  The court has held that normally it does not have the authority to waive this statutory deadline and that filings that do not comply with the deadline must be dismissed.  *See Pinat v. Office of Personnel Management*, 931 F.2d 1544 (Fed. Cir. 1991).

If you need further information about your right to appeal this decision to court, you should refer to the Federal law that gives you this right.  It is found in title 5 of the U.S. Code, section 7703 (5 U.S.C. § 7703) (as rev. eff. Dec. 27, 2012).  You may read this law as well as other sections of the U.S. Code, at our website, http://www.mspb.gov/appeals/uscode.htm.  Additional information is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, and 11.

---

[2] In the initial decision, the administrative judge provided the appellant with mixed-case appeal rights.  Based on the disposition of this case, such review rights are not appropriate. *Caros v. Department of Homeland Security*, 122 M.S.P.R. 231, ¶ 22 (2015). The proper appeal rights are provided here.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Merit Systems Protection Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.


FOR THE BOARD:        _____

                                                 Jennifer Everling
                                                 Acting Clerk of the Board

Washington, D.C.